# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER FENDLEY**                                    **CIVIL ACTION**

**VERSUS**                                                         **CASE NO. 16-501**

**AMERICAN HERITAGE LIFE INSURANCE**             **SECTION: "G"(1)**
**COMPANY**

## ORDER

Before the Court is Plaintiff Christopher Fendley's ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and remand this case to the 22nd Judicial District Court for Washington Parish, State of Louisiana.

## I. Background

### A.    *Factual Background*

According to the petition, on January 18, 2015, Plaintiff's wife, Jennifer Fendley, was killed in an automobile accident in Washington Parish, Louisiana.[2] Plaintiff alleges that he had secured a policy of accidental death coverage through Defendant American Heritage Life Insurance Company ("Defendant"), which provided benefits to him as a beneficiary in the event that his wife suffered an accidental death.[3] According to Plaintiff, he made a claim to Defendant, and on June 3, 2015, Defendant sent him a letter denying benefits for his claim.[4] Plaintiff alleges

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 1-3 at 2.

[3] *Id.*

[4] *Id.* at 3.

that Defendant is liable for all contractual benefits due under the policy.[5]  Plaintiff also alleges that he is entitled to extra-contractual ("bad faith") damages under Louisiana Revised Statute § 22:1821 because Defendant "arbitrarily and capriciously denied" his claim.[6]  Plaintiff further asserts that he has "suffered severe emotional distress as a result of his wife's passing, which distress was exacerbated by the arbitrary and capricious denial of the benefits owed under the policy."[7]  Finally, Plaintiff requests an award for costs of the proceedings, expert fees, penalties, and attorneys' fees.[8]

**B.      *Procedural Background***

Plaintiff filed the petition in this matter on December 16, 2015, in the 22nd Judicial District Court for Washington Parish.[9]  On January 20, 2016, Defendant filed a notice of removal.[10]  On August 26, 2016, Plaintiff filed the instant motion to remand.[11]  Defendant filed an opposition on September 6, 2015. [12]  On January 28, 2016, with leave of Court, Plaintiff filed a reply memorandum.[13]

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 1.

[10] Rec. Doc. 1.

[11] Rec. Doc. 16.

[12] Rec. Doc. 17.

[13] Rec. Doc. 20.

## II. Parties' Arguments

### A.   *Defendant's Notice of Removal*

In its Notice of Removal, Defendant asserts that on December 22, 2015, it first received notice that this matter had been filed in state court, and timely removed it to this Court on January 20, 2016.[14] Defendant contends that jurisdiction exists under 28 U.S.C. §§ 1332, 1441, and 1446.[15] Defendant alleges that Plaintiff is a citizen of Louisiana and Defendant is a Florida corporation with its principal place of business in Florida; thus, Defendant avers that there is diversity of citizenship.[16] Defendant further states that the amount in controversy is also met.[17] Defendant argues that Plaintiff seeks the $30,000 accidental death benefit for Plaintiff's spouse under the insurance policy, as well as bad faith damages under La. Rev. Stat. § 22:1821, which provides penalties for "double the amount of the health and accident benefits due."[18] Defendant represents that Plaintiff also seeks to recover "penalties and attorneys' fees," as well as "nonpecuniary damages under La. C.C. art. 1998" for mental anguish.[19] Thus, Defendant argues that the amount in controversy exceeds $75,000, and removal is proper.[20]

### B.   *Plaintiff's Arguments in Support of Remand*

In his motion to remand, Plaintiff asserts that the parties agree that they are citizens of

---

[14] Rec. Doc. 1 at 1.

[15] *Id.* at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

different states, and the only issue for the Court to consider is whether the amount in controversy requirement is met.[21]  Plaintiff asserts that the petition does not specify an amount of damages, in accordance with Louisiana law, and so Defendant must set forth facts showing, by a preponderance of the evidence, that the jurisdictional amount is satisfied.[22]  Furthermore, Plaintiff asserts that it is not apparent from the face of the petition that his claims exceed $75,000.[23]

Plaintiff contends that Defendant incorrectly cites La. Rev. Stat. § 22:1821(A) for the proposition that penalties amount to "double the amount of health and accident benefits due." Plaintiff contends that La. Rev. Stat. § 22:1821(B) provides the penalty provisions in the instant case.[24]  According to Plaintiff, La. Rev. Stat. § 22:1821(B) provides penalties in the amount of "interest at a rate of six percent per annum from date of receipt of due proof of death by the insurer until paid," and to date this penalty equals roughly $2,880.00.[25]

Plaintiff contends that his mental distress is normal for a person after experiencing the loss of a spouse, but he has not sought medical treatment for his mental anguish.[26]  Plaintiff argues that there is no jurisprudence to support an award of roughly $42,000.00 in emotional damages under similar facts.[27]

Plaintiff argues that he has confirmed to Defendant that the amount in controversy does

---

[21] Rec. Doc. 16-1 at 3.

[22] *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993)).

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.*

[26] *Id.*

[27] *Id.*

not exceed $75,000.00, exclusive of interest and costs, and he has agreed to file such a stipulation into the record if the case is remanded.[28] Plaintiff contends that "[t]he Fifth Circuit has approved this use of post-removal affidavits on the theory that they are merely evidence of the amount that was in controversy at the time of removal."[29] While a plaintiff may not defeat removal by subsequently changing his damages request, Plaintiff contends that affidavits can be used to clarify a petition that previously left the jurisdictional question ambiguous.[30] Accordingly, Plaintiff argues that this case must be remanded because the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.[31]

### C.    *Defendant's Arguments in Opposition to Remand*

In opposition, Defendant argues that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy requirement was met at the time of removal.[32] Defendant asserts that Plaintiff's "belated post-removal offer to stipulate to a lower amount of damages does not divest the Court of jurisdiction."[33] First, according to Defendant, Plaintiff alleges Defendant is liable for $30,000 under the insurance policy's accidental death benefit.[34]

Second, Defendant contends that Plaintiff is also seeking all extra-contractual bad faith

---

[28] *Id.* at 4–5.

[29] *Id.* at 5 (citing *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by M*arathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).

[30] *Id.*

[31] *Id.*

[32] Rec. Doc. 17 at 2, 5.

[33] *Id.* at 5.

[34] *Id.*

damages under La. Rev. Stat. § 22:1821."[35]   Defendant argues that the appropriate penalty for Plaintiff's bad faith claim under La. Rev. Stat. § 22:1821(A) is "double the amount of the health and accident benefits due," *i.e.* an additional $30,000, as well as a "prompt payment penalty of approximately $2,880.00 under La. Rev. Stat. § 22:1821(B)."[36]   Defendant avers that, although Plaintiff argues that the double benefit penalty under La. Rev. Stat. § 22:1821(A) does not apply here, Plaintiff pled that he was entitled to all damages under La. Rev. Stat. § 22:1821 and that the double benefit penalty provision applies to the entire Section.[37]   Moreover, Defendant points out that Plaintiff also requested attorneys' fees under the statute, which are only recoverable under La. Rev. Stat. § 22:1821(A).[38]   Defendant submits a declaration by Defendant's counsel, Joshua Trahan, estimating that the attorneys' fees will likely exceed $30,000.[39]

Third, Defendant contends that Plaintiff seeks damages for "severe emotional distress" and "great economic hardship" for the alleged "arbitrary and capricious denial of the benefits owed" under the insurance policy.[40]   Defendant cites to several Louisiana state court cases where plaintiffs received "significant" awards for mental anguish claims.[41]

Defendant further argues that Plaintiff's stipulation that the amount in controversy does

---

[35] *Id.* at 6.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.* at 7.

[41] *Id.*

not exceed $75,000 should be rejected.[42]  According to Defendant, post-removal stipulations are only considered to clarify the amount in controversy when: (1) the amount in controversy was not facially apparent from the petition; (2) the defendants offer only "a conclusory statement in their notice of removal" that is not based on direct knowledge of the plaintiff's claims; and (3) the plaintiff timely contests the removal with his stipulation [43]  Defendant asserts that these circumstances are not present here, as the amount in controversy was facially apparent from Plaintiff's petition, and the stipulation is unexecuted, unsworn, and untimely.[44]

## D.   *Plaintiff's Arguments in Further Support of Remand*

In reply, Plaintiff asserts that Defendant has not met its burden of proving that the amount in controversy is met.[45]  Plaintiff argues that he seeks contractual benefits due under the policy in the amount of $30,000.00.[46]  Plaintiff contends that he also seeks extrajudicial damages under La. Rev. Stat. § 22:1821(B).[47]  Plaintiff argues that the damages provision under La. Rev. Stat. § 22:1821(A) is not applicable here because this is a claim for accidental death.[48]

Plaintiff concedes that attorney's fees are not available under La. Rev. Stat. § 22:1821(B),

---

[42] *Id.* at 8.

[43] *Id.* (citing *Marcel v. Pool Company*, 5 F.3d 81, 85 (5th Cir. 1993) (citations omitted); *McGlynn v. Huston*, 693 F.Supp.2d 585, 596 (M.D. La. 2010); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008)).

[44] *Id.* at 9.

[45] Rec. Doc. 20 at 3.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 4.

and attorney's fees were only listed in the prayer for relief out of an abundance of caution.[49] Therefore, Plaintiff contends that attorney's fees should not be included in a consideration of whether the amount in controversy is met.[50]  Finally, Plaintiff argues that Defendant has not cited any factually similar case where a mental anguish award exceeded $42,000.[51]

### III. Law and Analysis

#### A.    Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[52]  A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[53]  "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[54]  The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[55]  Subject matter jurisdiction cannot be waived by the parties' conduct or consent.[56]  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[57]

---

[49] *Id.*

[50] *Id.*

[51] *Id.* at 5–6.

[52] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[53] 28 U.S.C. § 1332(a)(1).

[54] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[55] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[56] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[57] 28 U.S.C. § 1447(c).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[58] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[59] A removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[60] When the plaintiff alleges a damages figure in excess of the required amount in controversy, "that amount controls if made in good faith."[61] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[62]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[63] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[64] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting

---

[58] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[59] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[60] *See Allen*, 63 F.3d at 1335.

[61] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[62] *Id.*

[63] *See* La. Code Civ. P. art. 893.

[64] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[65]  The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeded $75,000.[66]

**B.    Analysis**

Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c).[67]  Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[68]  In his motion, Plaintiff argues that this matter should be remanded back to state court because the amount in controversy requirement was not met at the time of removal.[69]  Plaintiff contends that the amount in controversy is not facially apparent from the petition, as, in accordance with Louisiana law, it does not specific an amount of damages.[70]  In particular, Plaintiff avers that Defendant incorrectly cites La. Rev. Stat. § 22:1821(A) to assert that Plaintiff is entitled to double benefits penalties; however, according to Plaintiff, La. Rev. Stat. § 22:1821(B) controls here, and only provides for a penalty of roughly $2,880.00 in this case.[71]  Moreover, Plaintiff contends that there is no support

---

[65] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[66] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[67] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014) (Brown, J.).

[68] 28 U.S.C. § 1447(c).

[69] Rec. Doc. 16-1 at 3.

[70] *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir. 1993)).

[71] *Id.* at 4.

for Defendant's argument that Plaintiff's mental damages award would equal roughly $42,000 here.[72] Plaintiff also states that he has agreed to file a stipulation into the record that the amount in controversy does not exceed $75,000 if the case is remanded, which is appropriate when used to clarify a petition that left the jurisdictional question ambiguous.[73] Plaintiff further concedes that attorney's fees are not available to Plaintiff under La. Rev. Stat. § 22:1821(B).[74]

In response, Defendant contends that it is facially apparent from Plaintiff's petition that the amount in controversy requirement is met.[75] Defendant argues that Plaintiff generally alleged he was entitled to damages and penalties for his bad faith claim, which includes a double damages provision of $30,000 under La. Rev. Stat. § 22:1821(A) and a prompt payment penalty of $2,880 under La. Rev. Stat. § 22:1821(B).[76] Defendant also provides the Court with a declaration by Defendant's counsel, Joshua Trahan, estimating that the attorneys' fees will likely exceed $30,000, as well as citations to cases where plaintiffs were awarded significant damages for mental distress claims.[77] Defendant further argues that the Court should not consider Plaintiff's unsigned and untimely stipulation seeking to undermine the fact that it is facially apparent that the amount in controversy exceeds $75,000.[78]

First, it is undisputed that Plaintiff alleges that he is entitled to the accidental death

---

[72] *Id.*

[73] *Id.* at 4–5.

[74] Rec. Doc. 20 at 4.

[75] Rec. Doc. 17.

[76] *Id.* at 6.

[77] *Id.*

[78] *Id.* at 9.

insurance provided by Defendant in the amount of $30,000.[79] It is also clear from the face of the petition that Plaintiff seeks bad faith damages under La. Rev. Stat. § 22:1821; however, the parties dispute which bad faith damages provision applies.[80] La. Rev. Stat. § 22:1821(A)'s requirements regarding timely payment of insurance claims applies to "[a]ll claims arising under the terms of health and accident contracts issued in this state, exc*ept as provided in Subsection B of this Section*."[81] La. Rev. Stat. § 22:1821(A) goes on to state that "[f]ailure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court." However, La. Rev. Stat. § 22:1821(B) applies to "[a]ll claims *for accidental death* arising under the terms of health and accident contracts *where such contracts insure against accidental death*."[82] As stated above, La. Rev. Stat. § 22:1821(A) explicitly excludes Subsection B from coverage of it provisions. La. Rev. Stat. § 22:1821(B) further provides that if the insurer fails to timely issue payment on such a claim without just cause, "then the amount due shall bear interest at the rate of six percent per annum from date of receipt of due proof of death by the insurer until paid."

Here, Plaintiff is seeking bad faith damages arising out of Defendant's failure to pay Plaintiff's accidental death claim. Plaintiff contends that his claim clearly falls under La. Rev. Stat. § 22:1821(B), rather than La. Rev. Stat. § 22:1821(A).[83] While Defendant argues that the double

---

[79] *See* Rec. Doc. 1-3 at 2.

[80] *See* Rec. Doc. 16-1 at 4; Rec. Doc. 17 at 5–6.

[81] La. Rev. Stat. § 22:1821(A) (emphasis added).

[82] La. Rev. Stat. § 22:1821(B) (emphasis added).

[83] Rec. Doc. 16-1 at 4.

benefits penalties and attorneys' fees provisions of La. Rev. Stat. § 22:1821(A) should apply to every Subsection in the statute, including Subsection B, Defendant has not cited any authority to support such a reading. Additionally, Plaintiff argues that he is not entitled to attorneys' fees, and Defendant has not proven otherwise by citing to any relevant authority supporting its contention that Plaintiff would be entitled to attorneys' fees. As stated above, Defendant bears the burden of proving that the amount of controversy requirement is met, but it has not established that Plaintiff would be entitled to double benefits or attorneys' fees under La. Rev. Stat. § 22:1821.

Additionally, although Defendant also cites several cases in which significant mental anguish damages were awarded, "to satisfy its burden, [the] defendant must do more than merely show that plaintiff could recover more than the jurisdictional amount."[84] Here, Defendant has not provided the Court with any specific evidence with regard to the amount of mental anguish damages that Plaintiff allegedly suffered. Moreover, while Defendant contends that the Court should not consider Plaintiff's stipulation that the amount in controversy does not exceed $75,000, the Court notes that such post-removal affidavits may be properly considered when the "the basis for jurisdiction is ambiguous at the time of removal."[85]

Here, Plaintiff's petition requests damages for: (1) the contractual benefits due under Defendant's accidental death insurance policy; (2) the extra-contractual bad faith damages under La. Rev. Stat. § 22:1821; (3) Plaintiff's "severe emotional distress" he suffered as a result of Defendant's conduct; and (4) all associated costs, penalties, and attorneys' fees.[86] Accordingly,

---

[84] *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *1 (E.D. La. May 24, 1999) (Clement, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)).

[85] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[86] Rec. Doc. 1-3 at 3.

the Court finds that, based on such vague or general allegations and the absence of any specific information regarding the actual damages suffered, the amount in controversy is not apparent from the face of the petition. Moreover, based on the above evidence, the Court finds that Defendant has not met its burden of supporting removal by proving, by a preponderance of evidence, that the amount in controversy in this matter is likely to exceed the jurisdictional minimum.[87] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[88] Therefore, the Court finds that it lacks subject matter jurisdiction over the case, and must remand this matter back to state court.

## IV. Conclusion

Based on the foregoing, the Court finds that Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy in this matter exceeded $75,000 at the time of removal. Because this Court lacks subject matter jurisdiction in this case, remand to state court is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[89] is **GRANTED**.

---

[87] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *4 (E.D. La. Dec. 29, 2014) (Brown, J.).

[88] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[89] Rec. Doc. 20.

**IT IS FURTHER ORDERED** that the case is remanded to the 22nd Judicial District Court for Washington Parish, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  23rd   day of November, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

15